ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 12 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JANA KANYADAN,<br>SIVAKUMAR THIYAGASAMDRAM,<br>MADHU SHIVALINGEGOWDA, and<br>CHINTAN SANDESARA | Criminal Indictment<br><br>No. 4:23CR- 28<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

### Background

At all times relevant to this Indictment:

*Relevant Entities and Individuals*

1. Mohawk Industries, Inc. ("Mohawk") was a flooring manufacturer based in Calhoun, Georgia.

2. Meta Technology Platforms LLC ("Meta Tech") was a Georgia company incorporated on or about March 28, 2022.

3. Defendant JANA KANYADAN was an individual residing in the State of Georgia who served as Senior Vice President and Global Chief Information Officer of Mohawk.

4. Defendant SIVAKUMAR THIYAGASAMDRAM was an individual residing in the State of Georgia who was a Senior Director at Mohawk.

5. Defendant MADHU SHIVALINGEGOWDA was an individual residing in the State of Georgia who was a Senior Director at Mohawk.

6. Defendant CHINTAN SANDESARA was an individual residing in the State of Georgia who was a Senior Director at Mohawk.

*Mohawk's IT Project*

7. In or around 2019, Mohawk began a large Information Technology project (the "IT project") that was expected to continue for several years.

8. As part of the IT project, Mohawk outsourced work to IT consulting firms, which supplied consultants who worked under the direction of Mohawk employees either onsite at a Mohawk office or in India.

9. Each of the Defendants, on behalf of Mohawk, was involved in the IT project in some manner.

### The Defendants' Scheme to Defraud

*The Defendants' Formation and Control of Meta Tech*

10. In or around March 2022, the Defendants conspired to organize a Georgia company called Meta Tech. The organizer of Meta Tech was listed as Defendant SIVAKUMAR THIYAGASAMDRAM's wife.

11. Throughout the conspiracy, the Defendants controlled and operated Meta Tech in every respect.

12. Throughout the conspiracy, the Defendants took various actions to conceal their relationship to Meta Tech. For example:

    a. The Defendants created fake employee names and used those names to communicate on behalf of Meta Tech with Mohawk and others.

2

  b. The Defendants changed the address for Meta Tech from an address associated with Defendant SIVAKUMAR THIYAGASAMDRAM to an address for a rental office.

  c. The Defendants did not disclose – and deliberately avoided disclosing – to anyone at Mohawk their control of Meta Tech.

*The Defendants' Use of Meta Tech to Defraud Mohawk*

13. Around the same time that the Defendants formed Meta Tech, Defendant JANA KANYADAN, on behalf of Mohawk, signed a Master Services Agreement between Mohawk and Meta Tech. Defendant JANA KANYADAN thereafter used his position at Mohawk to direct that consultants working on the IT project be transitioned to Meta Tech, such that other consulting firms essentially became subcontractors of Meta Tech.

14. Consultants contracted with Meta Tech for work to be performed on Mohawk's behalf, and Meta Tech contracted with Mohawk to provide those consultants for the IT project. The consultants submitted invoices to Meta Tech, and Meta Tech submitted its own invoices to Mohawk. Mohawk thereafter made payments to Meta Tech based on Meta Tech's invoices, and Meta Tech paid the consultants.

15. The Defendants did not disclose to anyone at Mohawk that Meta Tech was in fact entirely controlled by Mohawk employees.

16. The Defendants' employment at Mohawk and control of Meta Tech allowed them to "negotiate" with themselves the hourly rates that Meta Tech charged Mohawk. As a result, the Defendants significantly inflated consultants'

hourly rates and fraudulently concealed the mark up from Mohawk. For example, the Defendants, through Meta Tech, paid consultants K.M. and S.C. hourly rates of $78, yet they charged Mohawk hourly rates of $120 and $125, respectively. The Defendants did not disclose that the rates Mohawk paid to Meta Tech for consultants were not negotiated through arms-length transactions.

17. The Defendants also fraudulently inflated the number of hours performed by Meta Tech's consultants. In other words, the Defendants often reported to Mohawk that Meta Tech's consultants worked more hours than the consultants reported to Meta Tech that they actually worked. Thus, the Defendants billed Mohawk for work that had not actually been performed. For example:

    a. On or about May 7, 2022, Meta Tech submitted an invoice to Mohawk that reported that consultant S.C. worked 144 hours in April 2022. In reality, however, S.C. worked 80 hours in April 2022. Meta Tech therefore billed Mohawk for 64 hours that S.C. did not work. A spreadsheet maintained by the Defendants in a Microsoft OneDrive account listed that S.C. billed Meta Tech 80 hours for April 2022 and Meta Tech billed Mohawk 144 hours for S.C.'s work for April 2022.

    b. On or about June 1, 2022, Meta Tech submitted an invoice to Mohawk that reported that consultant P.N. worked 168 hours in May 2022. In reality, however, P.N. worked 88 hours in May 2022. Meta Tech therefore billed Mohawk for 80 hours

       that P.N. did not work.  The Microsoft OneDrive spreadsheet identified this discrepancy.

   c. On or about August 3, 2022, Meta Tech submitted an invoice to Mohawk that reported that consultant K.B. worked 120 hours in July 2022.  In reality, however, K.B. worked 80 hours in July 2022.  Meta Tech therefore billed Mohawk for 40 hours that K.B. did not work.  The Microsoft OneDrive spreadsheet identified this discrepancy.

 18. Moreover, the Defendants submitted fraudulent invoices to Mohawk on behalf of Meta Tech for software that Meta Tech did not actually purchase or provide for Mohawk.  Thus, the Defendants billed Mohawk for software that Mohawk did not actually receive.  For example, on or about May 7, 2022, Defendant MADHU SHIVALINGEGOWDA sent another Mohawk employee two quotes, prepared by Meta Tech for Mohawk, for software.  The quotes were signed by Defendant JANA KANYADAN.  Mohawk thereafter created purchase orders for the software costs and Meta Tech submitted invoices to Mohawk for the software costs, which Mohawk paid.  However, Meta Tech did not actually provide the software to Mohawk.

*Meta Tech's Invoicing to and Payments from Mohawk*

 19. Between on or about May 7, 2022 and on or about October 2, 2022, Meta Tech submitted invoices to Mohawk totaling approximately $3,034,411.

 20. Between on or about June 7, 2022 and on or about September 7, 2022, Mohawk made payments totaling approximately $1,857,741.40 to Meta Tech.

21. After learning that the Defendants controlled Meta Tech, Mohawk terminated its relationship with Meta Tech.

## Count One
*Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349*

22. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 21 of this Indictment as if fully set forth herein.

23. From in or about March 2022 through at least in or about October 2022, in the Northern District of Georgia and elsewhere, the Defendants,

JANA KANYADAN,
SIVAKUMAR THIYAGASAMDRAM,
MADHU SHIVALINGEGOWDA, and
CHINTAN SANDESARA

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with individuals known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

24.  Defendants JANA KANYADAN, SIVAKUMAR THIYAGASAMDRAM, MADHU SHIVALINGEGOWDA, and CHINTAN SANDESARA, together with others known and unknown to the Grand Jury, conspired to defraud Mohawk through their secret control of Meta Tech.

25.  Throughout the conspiracy, Defendants JANA KANYADAN, SIVAKUMAR THIYAGASAMDRAM, MADHU SHIVALINGEGOWDA, and CHINTAN SANDESARA utilized interstate and foreign wires to submit and assist in the submission of fraudulent invoices to Mohawk, including invoices that contained fraudulently inflated hourly rates and/or fraudulently inflated hours for consultants, invoices for software that Meta Tech did not actually procure for Mohawk, invoices that did not disclose that the hourly rates charged by Meta Tech were not negotiated through arms-length transactions, and invoices that did not disclose the Defendants' true relationship to Meta Tech.

26.  As a result of and based on Defendants JANA KANYADAN, SIVAKUMAR THIYAGASAMDRAM, MADHU SHIVALINGEGOWDA, and CHINTAN SANDESARA's false representations and omission of material facts, Mohawk made payments to Meta Tech totaling approximately $1,857,741.40.

All in violation of Title 18, United States Code, Section 1349.

**Counts Two Through Eight**
*Wire Fraud – 18 U.S.C. § 1343 and § 2*

27.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 21 and 24 through 26 of this Indictment as if fully set forth herein.

28.     On or about the dates listed below, in the Northern District of Georgia and elsewhere, the Defendants,

> JANA KANYADAN,
> SIVAKUMAR THIYAGASAMDRAM,
> MADHU SHIVALINGEGOWDA, and
> CHINTAN SANDESARA,

aided and abetted by each other and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, invoices from Meta Tech to Mohawk, bearing the invoice numbers identified below and seeking payment of the total amounts identified below, that (1) charged artificially inflated prices that were not negotiated through arms-length negotiations, (2) contained false information regarding the hours worked by consultants and the services provided by Meta, and (3) failed to disclose the true ownership and control of Meta:

| Count | Date (on or about) | Meta Tech Invoice Number | Invoice Amount (approximately) |
|---|---|---|---|
| 2 | May 7, 2022 | 1001 | $176,640.00 |
| 3 | May 8, 2022 | 1002 | $97,935.00 |
| 4 | May 8, 2022 | 1003 | $40,406.40 |
| 5 | June 1, 2022 | 1005 | $280,560.00 |
| 6 | June 6, 2022 | 1017 | $69,280.00 |
| 7 | July 5, 2022 | 1024 | $367,280.00 |
| 8 | August 3, 2022 | 1036 | $454,080.00 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, the Defendants, JANA KANYADAN, SIVAKUMAR THIYAGASAMDRAM, MADHU SHIVALINGEGOWDA, and CHINTAN SANDESARA, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Eight of this Indictment.

If any of the property described above, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __True__ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

TAL C. CHAIKEN
*Assistant United States Attorney*
Georgia Bar No. 273949

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181